```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

JAMES FITZGERALD,              )
                               )
     Plaintiff,                )
                               )
          v.                   )     Case No. 2:24-cv-898
                               )
DAVID LITTLE, INCENTIVE        )
GOURMET, LLC, INCLUSION        )
GOURMET, LLC, NOUVEAUTES,      )
INC.,                          )
                               )
     Defendants.               )
```

## OPINION AND ORDER

Plaintiff James Fitzgerald, an attorney representing himself, brings this diversity action claiming Defendants David Little, Incentive Gourmet, L.L.C., Inclusion Gourmet L.L.C., and Nouveautes, Inc. ("Defendants") are liable for, among other things, breach of contract related to Fitzgerald's ownership interest in a New Jersey cannabis venture.  Pending before the Court is Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. Defendants move in the alternative for the Court to transfer the case.  For the reasons set forth below, the Court finds that it lacks personal jurisdiction over Defendants and that venue in the District of Vermont is improper.  The Court therefore transfers the case to the United States District Court for the District of New Jersey.

**Factual Background**

On September 20, 2018, Fitzgerald entered into a contract ("Agreement") with Defendant David Little pursuant to which Fitzgerald invested $35,000 in Defendant Incentive Gourmet, L.L.C. In exchange for his investment, Fitzgerald received a 1.5% ownership interest in the company. Fitzgerald also agreed to provide legal services in exchange for an additional ownership interest, resulting in a total 3.5% share in the company. Incentive Gourmet is a New Jersey limited liability corporation with a principal place of business in New Jersey, formed for the purpose of manufacturing cannabis products.

At the time of the Agreement, Fitzgerald was a New Jersey attorney and member of a New Jersey law firm. In July 2019, he and his wife moved to Vermont. Fitzgerald alleges that after the move to Vermont he continued to provide legal services to Defendants, and that Defendants initiated numerous and regular communications with him. Fitzgerald claims the services he provided since 2018 are valued at over $200,000.

The Complaint alleges that Fitzgerald's $35,000 investment in Incentive Gourmet was used to purchase equipment, but that the equipment was not used to generate income for the company. Instead, Defendant Little allegedly used the income to benefit himself and Defendant Nouveautes, Inc., of which Little was the sole owner. The Complaint also alleges that shortly before the

State of New Jersey began accepting applications for cannabis licenses in December 2021, Little opened a new limited liability company, Inclusion Gourmet, to apply for the license. Little allegedly assured Fitzgerald that his interest in Incentive Gourmet would carry over to Inclusion Gourmet. The Complaint alleges that, despite that assurance, Little ultimately failed to grant Fitzgerald any ownership interest in Inclusion Gourmet. Fitzgerald therefore accuses Little of accepting his cash investment and legal services without awarding him any ownership interest in a cannabis venture.

Defendants have filed a motion to dismiss the Complaint, arguing first that the Court lacks personal jurisdiction over them. Defendants also argue improper venue, asserting that all actions and events underlying the claims in the Complaint took place in New Jersey. Defendants further contend that the Complaint fails to state a plausible cause of action. As an alternative to dismissal, Defendants ask the Court to consider transferring the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404.

## Discussion

Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). Those Rules allow dismissal for lack of personal jurisdiction, improper venue, and failure to state a claim, respectively.

## I.   Personal Jurisdiction

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff must meet the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)).  At this preliminary stage, a plaintiff only needs to make a *prima facie* showing of jurisdiction.  *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013).  When determining personal jurisdiction under Rule 12(b)(2), a court can look beyond the pleadings at affidavits and other supporting materials.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  "[A]ll pleadings and affidavits are to be construed in the light most favorable to the plaintiff."  *Dorchester*, 722 F.3d at 84 (internal quotation marks omitted).

Defendants assert that the Court lacks personal jurisdiction over them because their only contacts with Vermont occurred as a result of Fitzgerald moving here from New Jersey.  Fitzgerald reportedly performed legal work for at least some Defendants while he lived and worked in New Jersey.  He then moved to Vermont, where he continued to provide legal services and communicate with Defendants.

"In the absence of a federal statute specifically directing otherwise, and subject to limitations imposed by the United States Constitution, [the Court] look[s] to the law of the forum state to determine whether a federal district court has personal jurisdiction[.]" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016) (citing Fed. R. Civ. P. 4(k)(1)(A)). In Vermont, a court may exercise personal jurisdiction over a non-resident defendant "to the full extent permitted by the . . . Due Process Clause" of the Fourteenth Amendment. *State v. Atl. Richfield Co.*, 2016 VT 22, ¶ 10 (internal quotation marks omitted); *see also In re Roman Cath. Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 38 (2d Cir. 2014) ("Vermont's long-arm statute . . . reflects a clear policy to assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause.") (internal quotation marks omitted). As a result, "the first part of [the] inquiry — the interpretation of the Vermont law governing service of process — merges with the second part of the jurisdictional test: whether the court's exercise of personal jurisdiction over the defendant satisfies the requirements of due process." *Metro. Life Ins. Co.*, 84 F.3d at 567.

"[A] State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the

5

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "To determine whether a defendant has the necessary 'minimum contacts,' a distinction is made between 'specific' and 'general' personal jurisdiction." *In re Terrorist Attacks*, 714 F.3d 659, 673 (2d Cir. 2013). A court has specific jurisdiction "over a defendant in a suit arising out of or related to the defendant's contacts with the forum"; general jurisdiction, in contrast, "is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *Metro. Life Ins. Co.*, 84 F.3d at 567-68.

Fitzgerald argues that this Court has both general and specific jurisdiction over Defendants. For purposes of general jurisdiction, a corporation's place of incorporation or principal place of business are the two "paradigm bases" for a forum's authority over a non-resident entity. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). In an "exceptional case," a corporation could become subject to the personal jurisdiction of an additional forum if the corporation's contacts with that state are "so continuous and systematic as to render [it] essentially at home." *Id.* at 138-39 n.19 (quoting *Goodyear*, 564

6

U.S. at 919 (internal quotation marks omitted)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924.

Here, Defendants are New Jersey individuals and entities with all relevant operations in that state. While Fitzgerald claims Defendants reached out to him in Vermont for legal work, that allegation falls far short of rendering Defendants "essentially at home" here. *Id.* at 919. The Court therefore finds the Complaint fails to establish general jurisdiction over Defendants.

With respect to specific jurisdiction, "[t]he inquiry . . . focuses on the relationship among the defendant, the forum, and the litigation. For a [s]tate to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum [s]tate." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (citations and internal quotation marks omitted). In *Walden*, the Supreme Court made clear that the analysis "looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there." 571 U.S. at 285. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* The Second Circuit has

7

identified three conditions necessary for a Court to exercise specific jurisdiction over a nonresident defendant:

> First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances.

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (citations omitted).

Here, the Court finds Fitzgerald has failed to satisfy the requirements for specific jurisdiction. First, Defendants did not avail themselves of the privilege of conducting business in Vermont. The parties entered into an Agreement in New Jersey in 2018. The Agreement contemplated the formation of a company, Incentive Gourmet, which itself is incorporated in New Jersey. Fitzgerald was a New Jersey attorney who agreed to provide legal services to Defendants, each of whom were – and continue to be – either citizens of or headquartered in New Jersey. Defendants' only connection to Vermont occurred as the result of Fitzgerald moving here.

Little has submitted an affidavit stating that he and the other Defendants have never had an office in Vermont, maintained business records in Vermont, or worked in Vermont. ECF No. 14-1 at 2. Little himself attests that his last visit to Vermont was

in 1992.  *Id.* at 3.  Although Little does not have a copy of the Incentive Gourmet operating agreement, he informs the Court that the Inclusion Gourmet operating agreement designates New Jersey law as governing the rights and liabilities of the relevant parties.  ECF No. 20-1 at 1.  Moreover, the business to be formed under the Agreement was to be operated pursuant to New Jersey's new cannabis law.  Given these facts, the Court finds that although Fitzgerald has been providing legal services to Defendants while in Vermont, his move to this state did not bring with it a purposeful effort by Defendants to avail themselves of "the privilege of doing business in [Vermont]" such that they "could foresee being haled into court [here]."  *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018).

With respect to the second factor, this case does not "arise out of or relate to" legal work performed in Vermont.  *In re Terrorist Attacks*, 714 F.3d at 673-74.  Indeed, the case has nothing to do with the substance or quality of that work.  The allegations in the Complaint relate almost entirely to the Agreement and Defendants' course of conduct in New Jersey since 2018.  Moreover, according to Little, Fitzgerald is not licensed to practice law in Vermont, ECF No. 14-1 at 4, and there is no claim that the legal work Fitzgerald performed was impacted in any way by his presence in Vermont.

9

Fitzgerald argues that the Court has personal jurisdiction over Defendants because they solicited his legal work and because the effects of their alleged wrongdoing impacted his income in Vermont. As discussed, the solicitation argument falls short. Defendants retained Fitzgerald as a New Jersey attorney to handle matters covered by New Jersey law. His unilateral move to Vermont did not alter the relationship so substantially that Defendants can be said to have availed themselves of this forum. As to the effects of Defendants' alleged wrongdoing, the Second Circuit has held that it is not "sufficient for a plaintiff to show simply that a defendant's actions caused an 'effect' in the forum state where the defendant has not 'expressly aimed its conduct at the forum.'" *U.S. Bank Nat'l Ass'n*, 916 F.3d at 151 (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 173 (2d Cir. 2013); *see also Walden*, 571 U.S. at 278 ("mere injury to a forum resident" is insufficient). "Similarly, 'the fact that harm in the forum is foreseeable . . . is insufficient for the purpose of establishing specific personal jurisdiction over a defendant." *Id.* (quoting *In re Terrorist Attacks*, 714 F.3d at 674). Accordingly, the Court finds that the financial impacts of Defendants' alleged actions, though felt in Vermont, do not render Defendants subject to the assertion of personal jurisdiction here.

As to the third factor, courts assess "reasonableness" using a series of considerations:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (a court must determine if exercising personal jurisdiction "comport[s] with fair play and substantial justice."). Little's affidavit states that it would be "a significant inconvenience" for Defendants to litigate in Vermont given the travel time and costs required. ECF No. 14-1 at 3. Vermont's interest in adjudicating the case is minimal given that the Agreement pertains to New Jersey businesses operating under New Jersey law. Fitzgerald has an interest in obtaining convenient and effective relief, and has informed the Court of health issues that would make it difficult for him the travel. The Court is sympathetic to those issues, but also recognizes the availability of video technologies and the prevalence of remote court appearances. Finally, the Court finds that the shared interests of the states in furthering substantive social

policies will not be disrupted by adjudicating this case outside of Vermont.

For these reasons, the Court finds that it lacks personal jurisdiction over Defendants.  In doing so, and recognizing that Fitzgerald is only required to make a *prima facie* showing, the Court accepts the factual allegations in the Complaint as true and views those facts and the related affidavits in a light most favorable to the Plaintiff.  That task is simplified in a case such as this where the essential facts are undisputed.  The causes of action set forth in the Complaint center primarily on an Agreement formed in New Jersey, with the primary object being the formation of a cannabis venture that would operate under New Jersey law.  Except for Fitzgerald's legal work and an associated claim for quantum meruit, all relevant factual events took place in New Jersey, including Defendants' allegedly wrongful conduct.  Fitzgerald's claims do not arise out of Defendants' contacts with Vermont, so there is little "affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919.  The Court therefore cannot assert personal jurisdiction over Defendants in this case.

## II.  Venue

Defendants also move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  "A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule

12(b)(2) dismissals for lack of jurisdiction." *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014). Accordingly, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (quoting *E.P.A. ex rel. McKeown v. Port Auth.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)). "[I]n deciding a motion to dismiss for improper venue, the 'court may examine facts outside the complaint to determine whether venue is proper.'" *Id.* (quoting *McKeown*, 162 F. Supp. 2d at 183).

The venue provision applicable to federal civil actions is found at 28 U.S.C. § 1391(b), which provides that such an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *Id.* at § 1391(c)(1). Any other type of defendant resides "in any judicial district in which such defendant is subject to the

13

court's personal jurisdiction with respect to the civil action in question." *Id.* at § 1391(c)(2).

Under subsection (1) of the statute, the District of Vermont is not the proper venue for this case because none of the Defendants reside here, nor are they subject to the Court's personal jurisdiction.  Turning to subsection (2), Vermont is not where "a substantial part of the events or omissions giving rise to the claims occurred," as the Agreement was formed and allegedly violated in New Jersey.  Subsection (3) does not authorize venue in this Court, since even if there were "no district in which an action may otherwise be brought" under subsections (1) or (2) (although, as explained below, the District of New Jersey is an appropriate venue), Defendants are not subject to the Court's personal jurisdiction.  The Court therefore finds no basis for venue in the District of Vermont.

### III. Transfer

Defendants have moved the Court to dismiss the case or, in the alternative, to transfer it pursuant to 28 U.S.C. § 1404. Under 28 U.S.C. § 1406, if a case is filed in the wrong venue the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "When considering whether a transfer would serve the interest of justice, [the Court] must weigh 'the equities of dismissing a

14

claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

The Court finds that the interest of justice will be best served by a transfer to the United States District Court for the District of New Jersey. All Defendants are New Jersey residents and/or entities. The essential facts of the case center on activities that took place in New Jersey, and the prevailing legal issues will be determined under New Jersey law. While dismissal without prejudice would require Fitzgerald to re-file his case in that District, a transfer will allow the case to proceed without such disruption. *See Minnette*, 997 F.2d at 1027 ("the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits").

Fitzgerald opposes a transfer, offering arguments relating to convenience, location of exhibits and witnesses, and efficiency. Those considerations, however, apply to a discretionary transfer under 28 U.S.C. § 1404. *See* 28 U.S.C. § 1404 (allowing transfer "[f]or the convenience of parties and

15

witnesses, in the interest of justice"). Transfer or dismissal under Section 1406 is mandatory, and the Court has the power to order such a transfer *sua sponte*. *See Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371-72 & n.3 (2d Cir. 1966); *Pisani v. Diener*, No. 07-CV-05118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases). This matter is therefore transferred to the United States District Court for the District of New Jersey.[1]

## Conclusion

For the reasons set forth above, Defendants' motion (ECF No. 14) to dismiss is **denied** without prejudice and motion to change venue is **granted**. This case is transferred to the United States District Court for the District of New Jersey.

---

[1] Because the Court has no personal jurisdiction over Defendants and venue is improper, it declines to consider Defendants' arguments that the Complaint fails to state a claim. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); *One Techs., LLC v. Amazon.com, Inc.*, 860 F. App'x 785, 788 (2d Cir. 2021) ("Because the District Court had no jurisdiction over [one defendant] and because venue was improper as to [the other defendant], it lacked power to dismiss a complaint for failure to state a claim.") (cleaned up).

DATED at Burlington, in the District of Vermont, this 17th day of June, 2025.

                                        <u>/s/ William K. Sessions III</u>
                                        Hon. William K. Sessions III
                                        U.S. District Court Judge